**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUZMARIA ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-6859 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC, | ) | |
| d/b/a VOLVO PARTS NORTH AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's motions in limine 1–4 [126] and Defendant's motions in limine 1–5 [124] are granted in part and denied in part as set forth below. This case remains set for a final pretrial conference on 8/11/2016 at 2:00 p.m.

## STATEMENT

### I.     Plaintiff's Motions in Limine

### No. 1 – Motion to Bar Reference to Findings from the Department of Labor

Plaintiff moves in limine to bar reference to any findings or opinions made by Michael J. Thomas, the District Director of the United States Department of Labor, Office of Federal Contracting Compliance Program ("OFCCP"). Plaintiff says that in March 2013, Mr. Thomas found that there was "insufficient evidence that the contractor violated its obligations under the nondiscrimination and/or affirmative-action provisions of the Vietnam-Era Veterans Readjustment Assistance Act of 1974, As Amended." [126, at 66.] Defendant does not oppose this motion, confirming that "it is not seeking to introduce the OFCCP's findings at trial." [127, at 9.] Accordingly, Plaintiff's motion is granted.

### No. 2 – Motion to Bar Reference to Findings from Administrative Bodies

Similar to her first motion, Plaintiff moves in limine to bar reference to any findings or opinions regarding the facts of this case made by *any* administrative body, including the findings or opinions of Colonel Thomas Gorski of the Employer Support of the Guard and Reserve ("ESGR") and/or Timothy Soderlund of Veterans' Employment and Training Service ("VETS"). Defendant does not oppose this motion as it relates to the findings and opinions of Timothy Soderlund of VETS, and thus Plaintiff's motion is granted as to that issue.

However, Defendant opposes Plaintiff's motion as it relates to Colonel Thomas Gorski of ESGR, stating that, if called to testify, Col. Gorski would offer "relevant, admissible evidence concerning Volvo's participation in the ESGR mediation with Arroyo that successfully resolved several points regarding Arroyo's military leave. Additionally, Colonel Gorski presented Keith Schroeder with a Patriotic Employer Award after Schroeder was nominated by Arroyo for the same." [127, at 9.]  At the final pre-trial conference, the parties identified the following witnesses as likely to be called to testify at trial: Keith Schroeder, Michael Temko, Sherrie Jankowski, Maureen Somersett, and Plaintiff LuzMaria Arroyo. Plaintiff also has indicated that she would like to have excerpts from the depositions of Regina Williams and Dennis Sholl read at trial. Defendant has objected to the reading of the depositions. Because neither party has indicated a likelihood of calling Col. Gorski at trial, the Court reserves ruling on this aspect of the motions in liming. If either party believes that Col. Gorski's testimony should be presented at trial, that party should raise the issue with the Court at the earliest opportunity.

### No. 3 – Motion to Bar Evidence Regarding Unrelated Police Shootings in the Media

Plaintiff moves in limine to bar any testimony, argument, or inference regarding unrelated stories of police shootings in the media. Defendants' motion is granted. Any such evidence is irrelevant and highly prejudicial. Fed. R. Evid. 403; *Rodriguez v. Cervantes*, 2009 WL 3460100, at *2 (N.D. Ill. Oct. 20, 2009) (granting a similar motion); *Morrow v. City of Chicago*, 2011 WL 494577, at *1 (N.D. Ill. Feb. 7, 2011) (same). In addition, Defendant does not oppose this motion. [127, at 9.] Accordingly, Plaintiff's motion is granted.

### No. 4 – Motion to Bar Reference to Alleged Argument Between Adams and Plaintiff

Plaintiff moves in limine to bar any reference to or mention of an alleged argument between Plaintiff and Tracey Adams, during which Plaintiff was reported to have confronted and threatened Adams after Adams complained to the police that Plaintiff parked her motorcycle in a handicap-designated parking space at the Volvo facility. Plaintiff's motion is denied.

Plaintiff's claim in this case is that Defendant fired her for discriminatory reasons—*i.e.*, on the basis of her military service and her disability (post-traumatic stress disorder ("PTSD")). Defendant says that it fired Plaintiff because of her poor attendance record. Plaintiff likely will dispute Defendant's claim at trial, arguing that Defendant's purported rationale for firing her is pretextual. To rebut this claim, Defendant intends to introduce evidence regarding this alleged threat—which it claims is a fireable offense—to show that it had other opportunities to terminate Plaintiff had that been its true motive. As Defendant says, "[t]he fact that Volvo did not terminate Arroyo on the spot for calling Adams 'the enemy' and referring to Adams as 'her target' is strong evidence that Volvo had absolutely no discriminatory animus against Arroyo." [127, at 9.] The Court agrees with Defendant that this evidence is both relevant and admissible.

To be clear, Plaintiff's objection is not based on relevance or prejudice grounds. Instead, Plaintiff's sole argument for exclusion is her contention that this argument between Adams and Plaintiff never occurred. To that end, Plaintiff is free to deny that the incident ever occurred and to present any additional relevant evidence in regard to this issue, including that she "felt

threatened" by Defendant's investigation of this alleged incident and that she immediately reported to "the highest authorities in the company."

## II.    Defendant's Motions in Limine

### No. 1 – Motion to Bar Evidence Concerning Defendant's Financial Condition

Defendant moves in limine to bar testimony or other evidence concerning Volvo's financial condition on the grounds that such evidence is irrelevant, confusing to the jury, and unfairly prejudicial. See Fed. R. Evid. 401, 403; *Rush Univ. Med. Ctr. v. Minn. Mining & Mfg. Co.*, 2009 WL 3229435, at *3 (N.D. Ill. Oct. 1, 2009) (financial information irrelevant to the legal claims in the lawsuit and distracting to the jury).

The Court agrees in general that evidence of any party's net worth should be considered with great care. However, at least in theory, evidence of Defendant's net worth could be relevant to a claim of punitive damages.[1] As this Court explained in *El-Bakly v. Autozone, Inc.*:

> Federal law and Illinois law differ in their treatment of the relevance of financial data reflecting a defendant's profits or net worth as evidence supporting a determination of punitive damages. Under Illinois law, it is well-established that a defendant's financial status is a relevant factor relevant in determining punitive damages. See *Pickering v. Owens–Corning Fiberglass Corp.*, 638 N.E.2d 1127 (Ill. App. Ct. 1994). However, the federal law in this circuit is decidedly less clear this area. The Seventh Circuit has suggested that financial information regarding a defendant corporation's net worth or profits may be irrelevant to the consideration of an award of punitive damages, at least under federal law. *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992); *Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220 (N.D. Ill. 1996). But several courts in this district have opined that *Zazu* has been interpreted too broadly and that a defendant corporation's financial data may be a relevant factor to an award of punitive damages. See *Koblosh v. Adelsick*, 1997 WL 311956, at *2 (N.D. Ill. June 5, 1997) (denying defendant's motion in limine with respect to its request to

---

[1] The USERRA statute does not allow for punitive damages expressly. See 38 U.S.C. § 4323(d)–(e), (h). But it does contain a "liquidated damages" provision that authorizes doubling the award for lost pay/benefits if the violation is "willful," *id.* § 4323(d)(1)(C), and the Seventh Circuit has acknowledged that liquidated damages under USERRA are punitive. See *Middleton v. City of Chicago*, 578 F.3d 655, 659 (7th Cir. 2009) (citing *Maher v. City of Chicago*, 463 F. Supp. 2d 837, 844 (N.D. Ill. 2006)). Accordingly, Defendant's net worth could be relevant in deciding whether to allow liquidated damages under USERRA, provided that Plaintiff can establish that Defendant's USERRA violation was willful. In addition, punitive damages are available for Plaintiff's ADA claim, provided that Plaintiff can establish that Defendant "engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529–30 (1999) (quoting 42 U.S.C. § 1981a(b)(1)); see also *Gile v. United Airlines, Inc.*, 213 F.3d 365, 375 (7th Cir. 2000) ("The district court may award punitive damages in connection with an ADA claim when the defendant engaged in a 'discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual.'" (quoting 42 U.S.C. § 1981a(b)(1))).

exclude financial information because punitive damages were potentially available but also holding that admissibility of such information only accrues upon a finding that the defendant acted with reckless indifference to the plaintiff's rights); see also *Jones v. Scientific Colors, Inc.*, 2001 WL 902778, at *1 (N.D. Ill. July 3, 2001) (finding a defendant's financial information relevant for discovery purposes where punitive damages are available for the claims at issue); *Equal Employment Opportunity Comm'n v. Staffing Network LLC*, 2002 WL 31473840, at * 1–2 (N.D. Ill. Nov. 4, 2002) (same).

*El-Bakly v. Autozone, Inc.*, 2008 WL 1774962, at *5 (N.D. Ill. Apr. 16, 2008). The Seventh Circuit pattern jury instruction on punitive damages brackets "Defendant's financial condition" as a consideration in assessing punitive damages, explaining that "[t]his element should not be included if there was no evidence of the defendant's financial condition," but commenting that "[t]he Committee takes no position on whether emerging law makes this element inappropriate." Federal Civil Jury Instructions of the Seventh Circuit, Comments of the Committee on Pattern Civil Jury Instructions, § 3.13. Despite the Committee's recognition of the potential for a shift in the law on this point, the Court is not aware of any binding authority rejecting the relevance of a Defendant's net worth in assessing punitive damages, and courts continue to allow the introduction of such evidence for this limited purpose. See, *e.g.*, *Gonzalez v. Olson*, 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015); *Isbell v. John Crane, Inc.*, 74 F. Supp. 3d 893, 898 (N.D. Ill. 2014).[2]

In this case, however, the Court is not convinced that any evidence of Defendant's net worth should be presented at this trial. In the first place, Volvo is a well-known, international car company. Lay jurors will readily perceive that Volvo is capable of paying any possible award of compensatory or punitive damages that they might decide to award in this case. Moreover, any "simple" presentation of Volvo's financial conditions would involve large numbers (net worth, net income, etc.) that would be time-consuming and complicated to explain. In short, there is no need for any such testimony and any effort to present it would not be worth the candle in terms of trial preparation and presentation of evidence. Defendant's motion therefore is granted.

### No. 2 – Motion to Bar Evidence of Any Settlement Offers or Discussions

Defendant moves in limine to bar any testimony or other evidence concerning any settlement offers or discussions, whether made during any administrative complaint (*e.g.*, EEOC charge) or during the pendency of this lawsuit, arguing that such evidence is irrelevant (Fed. R. Evid. 401) and generally inadmissible (Fed. R. Evid. 408). While evidence relating to settlement discussions usually is not admissible, it can be admissible under certain circumstances, such as to show bias or for purposes of impeachment. See *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005). Plaintiff did not respond to Defendant's motion, and thus has not presented the Court with any arguments regarding how, if at all, it intends to use such evidence. Accordingly, Defendant's motion is provisionally granted. If Plaintiff intends to introduce any

---

[2] In some instances, defendants with limited financial resources offer evidence of their circumstances in an effort to forestall a large award of punitive damages. For example, in § 1983 litigation, police officers occasionally will present such testimony, which prompts courts to instruct juries that municipalities indemnify officers for compensatory damages, but not punitive damages.

evidence relating to settlement negotiations, she should raise the issue with the Court outside of the presence of the jury before doing so.

### No. 3 – Motion to Bar Evidence of Plaintiff's Lost Wages After May 2015

Defendant moves in limine to exclude any testimony or other evidence of Plaintiff's loss of earnings or benefits after May 2015 (*i.e.*, when, according to Defendant, Plaintiff voluntarily resigned from her position at Bear Cartage and left the labor market), arguing that Plaintiff is not entitled to any back-pay damages after this date. Given the parties' agreement at the final pre-trial conference that back pay, if any, is an issue reserved for ruling by the Court after the jury concludes its work, ruling on this motion is reserved.[3]

### No. 4 – Motion to Bar Evidence of Dismissed Claims

Defendant moves in limine to bar testimony or other evidence concerning Plaintiff's claims that are no longer a part of this case (*i.e.*, retaliation, failure to accommodate, and intentional infliction of emotional distress).[4] As a general matter, Defendant's motion is granted. Evidence of claims not before the jury is irrelevant and prejudicial to Defendant, and would unnecessarily confuse the jury. See Fed. R. Evid. 401, 403. Accordingly, Plaintiff is precluded from testifying about these claims or presenting evidence that relates solely to these claims at trial. However, the Court is cognizant of the fact that certain testimony and evidence may be relevant to multiple claims, including both the dismissed claims and the claims that are properly before the jury. Thus, it is premature for the Court to delineate exactly which exhibits and which lines of testimony might run afoul of this general rule. The Court has provided some guidance at the final pre-trial conference and will continue to do so at the status hearing on August 11, as well as during the trial itself.

### No. 5 – Motion to Bar Evidence of Plaintiff's Beliefs Regarding Her Attendance

Defendant moves in limine to bar testimony or other evidence concerning Plaintiff's belief that she did not violate Defendant's attendance policy on the days at issue that led to her

---

[3] To be sure, "[a] plaintiff is entitled to a jury trial on a liquidated damages claim under USERRA," meaning that it will be up to the jury to decide whether Defendant's violation of USERRA was "willful." *DeLee v. City of Plymouth, Ind.*, 773 F.3d 172, 174 n.1 (7th Cir. 2014) (citing *Middleton v. City of Chicago*, 578 F.3d 655, 659 (7th Cir. 2009)); *cf. Hance v. BNSF Ry. Co.*, 2015 WL 1758449, at *3–4 (W.D. Tenn. Apr. 17, 2015) ("Thus, the question for this Court is whether a USERRA claim for instatement and back pay—without an allegation of willfulness or demand for liquidated damages under subparagraph (d)(1)(C)—entitles Hance to a jury trial. It does not."). However, any calculation of an *amount* of back pay will be for the Court to decide in post-trial proceedings.

[4] In particular, Defendant argues that, at a minimum, Plaintiff should be barred from testifying or presenting evidence about "her purposed harassment complaint against Keith Schroeder; Schroeder's alleged conduct towards her after receiving her complaint; Arroyo's complaint to Dennis Sholl about Schroeder; any alleged failure to investigate her complaint against Schroeder; any discussion regarding Arroyo's eligibility to work overtime; Volvo's alleged refusal to provide her further accommodations, including any complaints she might have concerning Regina Williams' treatment of her requests; and Volvo's alleged refusal to allow her time to put on her protective gear prior to starting her shift."

being disciplined and ultimately terminated, or that she did not receive the requisite "occurrences" or progressive disciplinary "steps" to trigger her termination. Defendant's motion is denied.

As Defendant argued in response to Plaintiff's motion in limine #4, Plaintiff is likely to argue at trial that Defendant's purported rationale for firing her (*i.e.*, her poor attendance) is pretextual. If Defendant did not follow proper protocols in terminating Plaintiff, evidence of that failure would be relevant to evaluating the credibility of Defendant's asserted justification for terminating Plaintiff. See Fed. R. Evid. 401. Thus, Plaintiff is free to testify as to this issue, subject to Defendant's cross-examination. Defendant's argument that this Court and the Seventh Circuit have already decided this factual issue is unavailing—it is the province of the jury to resolve the factual disputes in this case based on the evidence presented at trial.

Dated: August 4, 2016

_____
Robert M. Dow, Jr.
United States District Judge