IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUZMARIA ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-CV-06859 |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC, d/b/a VOLVO PARTS NORTH AMERICA, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S MOTION FOR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE A NEW TRIAL, OR IN THE ALTERNATIVE REMITTITUR AND AMENDMENT OF JUDGMENT

Pursuant to Federal Rules of Civil Procedure 50(a) and (b) as well as Rules 59(a) and (e), Defendant Volvo Group North America, LLC, d/b/a Volvo Parts North America ("Volvo" or "Defendant") submits this Renewed Motion for Judgment as a Matter of Law, or in the Alternative a New Trial, or in the Alternative Remittitur and Amendment of Judgment (the "Motion").

As a threshold matter, Volvo notes that while it has requested a complete transcript of the jury trial that took place in August 2016, it has not yet received one. Accordingly, in accordance with the Court's post-trial instructions and since the 28-day deadline for submission of a motion under Rules 50 and 59 cannot be extended, <u>Volvo submits its Motion and the accompanying Memorandum of Law in Support while expressly reserving the right to supplement every section of the same with additional factual and/or legal arguments as well as with further citations to the record</u>, based on its ultimate review of the trial transcript.

In support of its Motion, Volvo states as follows:

1. This Court granted Volvo summary judgment on all of Plaintiff's claims. [Doc. 88] The Seventh Circuit partially reversed this Court's Order, remanding only two of the six claims: (a) Plaintiff LuzMaria Arroyo's USERRA discrimination claim and (b) her ADA discrimination claim under the former "direct method" of proof.[1] [Doc. 110]

2. Accordingly, this Court entered a trial scheduling order on March 30, 2016. [Doc. 121] Pursuant to that order, the parties' proposed pretrial order was due June 29, 2016. *Id*. Arroyo was required to provide a draft of the same to Volvo 21 days prior that deadline—i.e., by no later than June 8, 2016—pursuant to the Standing Order Regarding Final Pretrial Order in Civil Cases Before Judge Dow ("Standing Order"). Instead, Arroyo did not send Volvo a draft until June 26, 2016—and it was, at best, a rough draft as it identified 28 witnesses and 400 documents as potential exhibits.

3. Subsequently, counsel spoke with Judge Dow on June 28, 2016, to seek the Court's guidance on how to proceed, given the tardy, ineffectual draft. During the call, Judge Dow instructed the parties to proceed with submission of trial briefs, proposed jury instructions, and motions in limine by the original deadline (June 29), but stated that the parties had until July 13, 2016, to submit a joint final pretrial order, which would allow adequate time for Defendant to add its contributions to the final pretrial order and also allow Plaintiff the opportunity to pare down her exhibits. Accordingly, on June 29, both parties submitted trial briefs, proposed jury instructions, and motions in limine. [Docs. 122-126]

4. The parties also worked together to prepare the Final Pretrial Order [Doc. 128]. Most notably, Plaintiff prepared a detailed itemization of damages, but did not include a line item

---

[1] Therefore, this Court's rulings as to the other claims remains the undisturbed, binding law of the case.

or any other indication that she was seeking compensatory damages at trial. (This is despite the fact that the Standing Order requires a section on relief sought and contains an explicit cross reference to Local Rule 16.1.3 (applicable in employment discrimination cases). In relevant part, Local Rule 16.1.3's itemization of damages section explicitly asks the plaintiff to identify whether she is seeking damages for "pain, suffering, emotional injury, etc.") The parties also agreed to a stipulation with respect to Arroyo's PTSD, including, in pertinent part, that her PTSD was "due to and caused by her military service."[2] The parties submitted the Final Pretrial Order on July 13, 2016. [Doc. 128]

5. After the submission of the Final Pretrial Order, Arroyo took further actions that led Volvo to believe she was not seeking compensatory damages at trial. The parties appeared before the Court for their first "final" pretrial conference on July 27, 2016. [Doc. 135] During that conference, Arroyo significantly culled the witnesses that she planned to call at trial. Notably, Arroyo eliminated all of her medical providers and her parents—all of whom were initially identified in the Final Pretrial Order. At this conference, the parties were instructed to prepare a Joint Statement on the Division of Responsibility Between Judge and Jury on Damages Sought by Plaintiff ("Joint Statement"), so that the Court would have a clear record on what damages the parties believed the jury should consider. *Id*. The parties filed the Joint Statement on August 7, 2016, and Plaintiff's itemization of damages was identical to that in the Final Pretrial Order. [Doc. 141]

6. Coupled with the Final Pretrial Order, Volvo reasoned that the totality of these actions by Arroyo was a strategic call *not* to introduce the topic of emotional distress at trial, so

---

[2] The stipulation was subsequently filed with the Court in connection with the trial. [Doc. 151]

that Volvo, in turn, would not be able to introduce other issues from Arroyo's past that might color the impression she would make before the jury.

7. Trial began on August 15, 2016, and was estimated by the parties to last a week. Instead, Arroyo took an entire week to meticulously put on her own case in chief. Plaintiff's counsel questioned Arroyo as the last witness in her case in chief and—consistent with the Final Pretrial Order and Joint Statement—did not elicit any testimony or attempt to introduce a single piece of evidence regarding her emotional distress or other compensatory damages stemming from Volvo's decision to terminate her employment in November 2011. Accordingly, during the jury instruction charge conference held after the close of Plaintiff's case in chief on the evening of Friday, August 19, 2016, Volvo objected to the Court giving any jury instruction on compensatory damages.

8. Over the weekend, counsel for the parties and the Court exchanged several emails, commenting on the Court's proposed jury instructions and also discussing Volvo's objection to the compensatory damages jury instruction. [Doc. 155] In the course of those communications, the Court generously offered Arroyo the extraordinary opportunity to reopen her case in chief, stating in pertinent part:

> In reflecting on the evidence, as I mentioned yesterday I do not think it unreasonable to allow Plaintiff to reopen her case-in-chief to briefly present her own testimony in support of what I think counsel called a routine or "garden-variety" claim of emotional pain and suffering on account of the termination.

[Doc. 155, Ex. 2 at 15] Volvo strongly disagreed with the Court's position (*Id.*, Ex. 3 at 19), but Arroyo's counsel ultimately declined the Court's offer, explaining that he was "satisfied that we have sufficient evidence in the record for plaintiff to argue this issue." *Id.*, Ex. 6 at 35. In support of that position, Arroyo's counsel pointed to the following evidence that he identified in his Comment No. 9 to the proposed jury instructions being discussed by the Court and the parties:

> The jury has seen the email from Sherrie Jankowski, stating that Arroyo was "getting to be a real pain" as she shared information about the issues for a returning serviceman to be reintegrated into society and the workplace. The jury has seen the letter that Arroyo wrote to Keith Schroeder on Christmas Eve 2011 [sic], where she told him that between the stress she was experiencing at work and reliving her deployment while writing her story for the Yellow Ribbon Event she was completely stressed and had to check into the emergency room at her local hospital. The jury has seen the email where the rumor around the facility was that Arroyo was on vacation in Hawaii. Although Schroeder knew better, he did not correct the rumor, but instead discussed discipline and termination of Arroyo while she was at the hospital. It was shortly thereafter that Arroyo was diagnosed with PTSD, which was confirmed by the doctor Volvo chose to conduct the Independent medical evaluation who sent his confirmation of the PTSD diagnosis to Maureen Somersett who shared that information with Keith Schroeder. In September 2011 she wrote to Dennis Scholl, the Vice President of Volvo that she knew that Keith Schroeder was trying to terminate her employment.

*Id.*, Ex. 6A at 45.[3] None of the listed events occurred at or after Plaintiff's termination.

9. Pursuant to Rule 50(a), Volvo orally moved for judgment as a matter of law as to both Arroyo's ADA and USERRA discrimination claims on August 22, 2016. In addition to moving on liability as to both claims, Volvo also argued that Arroyo failed to present evidence of compensatory damages under the ADA, punitive damages under the ADA, and willfulness under USERRA (the requisite standard for liquidated damages) and that, accordingly, the jury should be excused because there was no evidence of any damages categories that they could consider during deliberations. After presenting its case in chief, Volvo renewed its motion. The Court took both motions under advisement. [Doc. 154-1]

10. After Volvo further made a supplemental oral Rule 50(a) motion [Doc. 162], the parties presented closing arguments on August 23, 2016. During Arroyo's closing argument, her counsel suggested that the jury should return a verdict against Volvo in the amount of $1,000,000. After a short deliberation, the jury returned a verdict in Arroyo's favor on both the ADA and

---

[3] While most of Arroyo's counsel's comment was included in proposed jury instructions filed on the Court's docket, a portion of that comment is not visible, and is indicated by the box with the "…[1]" inside of it. *Id.* Accordingly, Volvo has attached a complete copy of this comment as <u>Exhibit A</u> hereto.

USERRA claims, with an award of $2.6 million in compensatory damages and $5.2 million in punitive damages as to the ADA discrimination claim alone as well as finding willfulness as to Plaintiff's USERRA claim. *Id.*

11. After considering equitable damages, the Court entered a judgment on July 13, 2017. [Doc. 178] The instant Motion and incorporated Memorandum of Law in Support timely follow.

Accordingly, Volvo respectfully requests that the Court grant its Renewed Motion for Judgment as a Matter of Law, or in the Alternative a New Trial, or in the Alternative Remittitur and Amendment of Judgment, and for such other relief as the Court deems just and proper.

Respectfully submitted on March 1, 2018.

                CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

                */s/ Susan Bassford Wilson*
                Susan Bassford Wilson, #6299054
                200 S. Wacker Dr., Suite 3100
                Chicago, Illinois 60606
                T: (314) 925-7275
                F: (314) 727-1978
                swilson@constangy.com

                */s/ William J. McMahon IV*
                William J. McMahon IV, *pro hac vice*
                100 N. Cherry Street, Suite 300
                Winston-Salem, North Carolina 27101
                T: (336) 721-1001
                F: (336) 748-9112
                bmcmahon@constangy.com

                Attorneys for Defendant Volvo Group North America, LLC, d/b/a Volvo Parts North America

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2018, I caused a copy of the foregoing to be served upon Plaintiff via operation of the Court's electronic filing system to:

John P. DeRose
Caitlyn F. DeRose
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 428
Hinsdale, Illinois 60521
john@johnderoselaw.com
caitlyn@johnderoselaw.com

Attorneys for Plaintiff

*/s/Susan Bassford Wilson*
Attorney for Defendant

Case No. 1:12-cv-06859
Page 7 of 7
5075834v.1