**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LUZMARIA ARROYO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:12-CV-06859** |
| | ) | |
| **VOLVO GROUP NORTH AMERICA,** | ) | |
| **LLC, d/b/a VOLVO PARTS NORTH** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S RESPONSE IN**
**OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL**
<u>**OR TO ALTER OR AMEND JUDGMENT**</u>

**INTRODUCTION**

Arroyo's Motion [Doc. 345] is a procedural nullity, as it seeks relief that this Court cannot even grant under the Federal Rules of Civil Procedure in the first place. Although the title of Arroyo's Motion – stylized as a "Rule 59 Motion for New Trial or to Alter or Amend Judgment" – would suggest that she seeks either a new trial or an alteration or amendment of the judgment entered on the jury's verdict in this matter on February 3, 2022, Arroyo actually seeks neither and makes <u>no</u> argument to this effect. Conspicuously, Plaintiff does **not** request a new trial. [Doc. 345 at 1, 23] Nor does she seek to alter or amend the judgment entered. [*Id.* at 1, 23] Instead, citing Rule 59(e), Arroyo asks this Court to "*set aside* the jury verdict entered . . . on February 3, 2022 . . . and *reinstate* the jury verdict entered in this cause on August 23, 2016." [*Id.* at 23 (emphasis added)] Put differently, Arroyo improperly attempts to use the label of Rule 59(e) as a vehicle to swap out the jury verdict in Volvo's favor with the verdict in her favor over five years ago—the latter of which she knows has already been (1) significantly reduced after post-verdict briefing, as

reflected in the Court's prior Judgment [Docs. 177, 178] and (2) then vacated through this Court's previous Memorandum Opinion and Order on Volvo's Rule 50 and 59 motion after the trial first trial [Doc. 227]. Simply stated, there no longer is any no prior judgment – let alone prior jury verdict – that could even theoretically be reinstated by this Court, and certainly not reinstated as a remedy under Rule 59(e). For this alone, this Court should deny Arroyo's motion.

But Arroyo's "Rule 59(e)" motion also fails on the merits. Even a cursory review of Arroyo's Motion reveals that it is nothing more than an attempt by Plaintiff to avoid a judgment fairly and properly rendered on the substantial evidence admitted at the retrial of Arroyo's USERRA discrimination claim. Plaintiff's Motion consists of nothing more than expressions of disagreement and dissatisfaction with the Court's grant of a new trial in the first place and exclusion of evidence and testimony related to her dismissed ADA claims. The majority of Plaintiff's examples of "error" by the Court are more aptly attributed to Plaintiff's own tactical decisions, lack of understanding of the Federal Rules of Civil Procedure and Evidence, and personal disagreement with several of this Court's decisions that have been litigated repeatedly. None of these points satisfy the stringent standard for relief under Rule 59(e).

In short, Plaintiff's Motion is a procedural nullity and even if it were not, it still fails to satisfy the stringent standard on Rule 59(e). Accordingly, Arroyo's Motion should be denied.

## LEGAL STANDARD

Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d

1260, 1268 (7th Cir. 1986). Nor does a Rule 59(e) motions allow "a party to undo its own procedural failures . . . introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Moro,* 91 F.3d 872, 876 (7th Cir. 1996). In other words, "Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *Stanley v. Posner*, 2009 WL 5033930, at *2 (N.D. Ill. Dec. 15, 2009).

The standard for a Rule 59(e) motion is very stringent, and such motions "should only be granted in rare circumstances." *Susinka v. United States*, 19 F. Supp. 3d 829, 834 (N.D. Ill. 2014). "The only three grounds justifying this extraordinary form of relief are: (1) an intervening change in controlling law; (2) new evidence that has become available; and (3) clear error and manifest injustice. *C.H. Robinson Worldwide, Inc. v. National Products Corp.*, No. 01 C 6348, at *1 (N.D. Ill. Jan. 24, 2002). Rule 59(e) further "requires that the movant 'clearly establish' one of the aforementioned grounds for relief." *Harrington v. City of Chi.,* 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)) A "manifest error" in a Rule 59(e) context means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2001). This is a high standard that is 'not demonstrated by the disappointment of the losing party.'" *Susinka*, 19 F. Supp. 3d at 834 (quoting *Oto*, 224 F.3d 601, 606 (7th Cir. 2000)).

## ARGUMENT

I.    **Arroyo's "Rule 59(e)" Motion Is Procedurally Improper and Seeks Relief that Cannot be Granted By this Court.**

As an initial matter, Plaintiff's unsupported assertion that a previous jury verdict can simply be reinstated by the district court because of alleged errors in a subsequent trial is false. No such remedy can be granted by this Court under Rule 59(e) or other any rule contained with the

Federal Rules of Civil Procedure, and Arroyo notably cites no legal authority for this "verdict swapping" remedy. The lack of available remedy here is especially apparent where, here, the prior judgment encompassing the jury verdict from the first trial has already been vacated by this Court (not to mention the fact that the first verdict encompassed an ADA discrimination claim that was not even in play at retrial). [Doc. 227]

To be clear, the reinstatement of a now defunct jury verdict is <u>the only remedy</u> Arroyo seeks in her Motion. [Doc. 345 at 1, 23] Arroyo could have moved for a new trial pursuant to Rule 59(a). She did not do so and therefore waived the issue. *See, e.g., Wachovia Bank V. Tien*, 406 F. App'x 411, 413 (11th Cir. 2010). Furthermore, to the extent Plaintiff's Motion could be liberally construed as a request for judgment as a matter of law, that request is also waived for the failure to raise it at the close of her case in chief or at close of all evidence. *See* Fed.R.Civ.P. 50(b). Simply put, Arroyo has not sought any relief under Rule 59(e) that this Court is authorized to provide. Her Motion should be denied on this basis alone.

## II. Arroyo Has Not Established Any Grounds for Relief Under Rule 59(e).

Even if Arroyo were seeking a remedy available under Rule 59(e) – which she is not - this Court should deny Arroyo's Motion because she has failed to identify any clear error or manifest injustice in connection with this Court's trial rulings. Nor has she identified any intervening change in law or new evidence that has suddenly become available.

Here, Plaintiff's Motion is long on rhetoric but it appears that her arguments can roughly be divided into three main areas: (1) evidence and mention of Arroyo's PTSD and disability accommodations were excluded, including emails that were related to Arroyo's PTSD; (2) Arroyo was "barred" from introducing testimony from her Economist, Stan Smith, PhD; and (3) the issue

of damages was not submitted to the jury. As discussed below, none of these rulings or areas of evidence merit relief Rule 59(e).

### A. Evidence of Plaintiff's PTSD and Related Treatment was Properly Excluded and the Court Did Not Commit Clear Error in Doing So.

This Court correctly granted Volvo's motion *in limine* to exclude reference to, testimony, or other evidence concerning Arroyo's PTSD diagnosis or treatment. [Doc. 323] Consistent with this motion in limine ruling, the Court also correctly excluded emails and testimony concerning Arroyo's dismissed ADA claims. *Id.* At the retrial, the only disputed issue presented to the jury was whether Arroyo's military status was a motivating factor that led Volvo to terminate her employment under her USERRA discrimination claim. Accordingly, Plaintiff's PTSD and her disability accommodations by extension were no longer relevant to any issue remaining to be tried in this case. Moreover, the probative value of such evidence to Arroyo's USERRA claim, to the extent any such value existed at all, was substantially outweighed by the danger of unfair prejudice, misleading the jury, and jury confusion.

As a result of the Court's rulings excluding this evidence and testimony, Plaintiff now argues that the retrial "told a sanitized story unfair to Arroyo." [Doc. 345 at 7] But what Arroyo ignores is that "the decision whether to admit evidence is a matter peculiarly within the competence of the trial court." *Manuel v. City of Chicago*, 335 F.3d 592, 595 (7th Cir. 2003).[1] Furthermore, "[t]he balancing of probative value and prejudice is a highly discretionary assessment." *United States v. Thomas*, 321 F.3d 627, 630 (7th Cir.2003). This Court's decision regarding such

---

[1] Arroyo also challenges, without citation to the record, the Court's decision to "change[] so many of the rules" and exclude several of Plaintiff's proposed exhibits when narrowing and clarifying the issues for retrial of Plaintiff's sole remaining USERRA claim. [Doc. 345 at 9] Curiously, Arroyo's Motion even identifies an email exhibit that was *not* excluded by the Court. [Doc. 345 at 11, n. 13] But this email (identified during the first trial as Plaintiff's Exhibit 245, but not entered as an exhibit) was not even presented to the jurors at the retrial, for reasons unknown to Volvo.

determinations is given great deference, and it is only disturbed "if no reasonable person could agree with the ruling." "*United States. v. Toro*, 359 F.3d 879, 885 (7th Cir. 2004). The fact that this Court exercised its discretion to exclude ADA-related evidence was wholly proper and does not involve the type of clear error or manifest injustice required for relief under Rule 59(e).

The Court's challenged evidentiary rulings plainly were not erroneous. The weight of authority is clear that on her USERRA claim – the only claim presented to the jury – Plaintiff bore the burden of demonstrating that "[her] military service, as distinct from a disability resulting from service, was a substantial or motivating factor in the employer's [challenged] decision" *Carroll v. Delaware River Port Auth.*, 89 F. Supp. 3d 628, 633 (D.N.J. 2015). *See Holmes v. Dep't of Justice*, 498 F. App'x 993, 5 (Fed. Cir. 2013) ("A PTSD injury alone is not enough to raise a cognizable discrimination claim under USERRA. " ); *Cazares v. City of El Centro*, Case No.: 3:20-cv-01571-BEN-RBM, at *24 (S.D. Cal. Mar. 3, 2021 (weight of authority does not recognize a claim under the USERRA arising out of alleged discrimination or retaliation due to a plaintiff's perceived or actual disability incurred during military service rather than arising out of the plaintiff's actual status as a current or former member of the uniformed services); *Ferrell v. Ezpawn Okla., Inc.*, No. CIV-18-607-SLP, 2019 WL 3207797, at *3 (W.D. Okla. July 16, 2019) (disability discrimination "is not within the scope of USERRA's protections"); *see also Leistiko v. Secretary of the Army,* 922 F.Supp. 66, 76 (N.D.Ohio 1996) (impairment incurred while plaintiff was on active military duty irrelevant to a claim under the VRRA); *McBride v. U.S. Postal Service,* 78 M.S.P.R. 411, 414-15 (1998) (noting that 38 U.S.C. § 4301(a)(3) mentions "service" and not injuries or disabilities arising from that service).

Here, the Court's evidentiary rulings were entirely consistent this case law and with this Court's own pretrial ruling in finding that "Plaintiff need not prove that she suffers from PTSD or

any disability at all to be entitled to recovery under the USERRA." [Doc. 275 at 7]. The excluded evidence and testimony regarding the provided accommodations and treatment for Arroyo's PTSD disability has no probative value for the determination of whether her termination was due to her military status.

Relatedly, Arroyo also argues that the demonstrative timeline of events shown by defense counsel in their closing argument on retrial gave the jury a false impression because there were "large gaps" in time, which she appears to attribute, at least in part, to her inability to go into detail regarding the reasons for her VA "meetings" and why she required time in the "meditation relaxation" room prior to work. [Doc. 345 at 13] As an initial matter, Plaintiff's challenge to the timeline, raised for the first time in her Motion, is unquestionably untimely. Nothing prevented counsel from challenging the timeline before the jury began its deliberations. By failing to contemporaneously object at the time the demonstrative was presented to the jury, Plaintiff waived her right to attack the jury verdict on this ground. *See Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008).

Nevertheless, even if her current objection were not waived, Arroyo cannot point to this as grounds for clear error or manifest injustice under Rule 59(e). Indeed, this would not even be grounds for a new trial under Rule 59(a). *See Doe, by and Through G.S. v. Johnson*, 52 F.3d 1448, 1465 (7th Cir. 1995) (Seventh Circuit "has repeatedly explained that "`improper comments during closing argument rarely rise to the level of reversible error.'"). There can be no credible argument that the demonstrative timeline improperly influenced the jury. Moreover, Arroyo does not argue that the substance of the timeline was incorrect, only that, unsurprisingly, it did not highlight certain events favorable to Plaintiff's case. Whether or not all the emails had been introduced, Defendant was under no obligation to highlight for the jury any particular piece of evidence

unfavorable to Volvo's case. Arroyo was, of course, free to discuss any evidence that was admitted during her own closing argument.

**B.     Arroyo Was Properly Barred From Introducing Testimony At Trial From Her Economist, Stan Smith, PhD.**

Arroyo states that she sought to introduce testimony from her economist, Dr. Stan Smith, for the stated purpose of explaining to the jury at the retrial the loss of benefits and monetary losses Plaintiff incurred as a result of her termination of her employment. [Doc. 345 at 19][2] Once again, Plaintiff is improperly using her Motion to reargue her claims. As this Court has stated, repeatedly, Plaintiff's disclosure of Smith and his expert report literally years after the close of discovery is "untimely in the extreme." [Doc. 275 at 5] Additionally, Dr. Smith's report identifies categories of damages that are not even recoverable under the USERRA. *Id*. Nevertheless, even if Dr. Smith's testimony were timely and relevant, computation of damages was not an issue presented to the jury. The decision to bar[3] Dr. Smith's testimony and report was not clear error or a manifest injustice under Rule 59(e).

**C.     Plaintiff Has Failed, Repeatedly, to Set Forth Any Right to Have the Jury Determine the Issue of Damages.**

Plaintiff further asserts that the Court erred by "withholding the jury's right to decide USERRA compensatory damages." [Doc. 345 at 18] The division of responsibility for the determination of damages on a USERRA claim has been litigated repeatedly and extensively in

---

[2] Relatedly, and without context or explanation, Plaintiff states that she also "sought to compel updated information on her comparators." [Doc. 345 at 19] The purpose of this statement is unclear. Plaintiff's motion to compel updated information on comparators was denied *without prejudice* to renew *if* Plaintiff established a right to front pay following a jury verdict in her favor on USERRA liability. [Doc. 275 at 1.] There was no verdict in her favor, and information about the salaries of her comparators was irrelevant to the jury's determination.

[3] Notably, rather than bar Dr. Smith's testimony and report outright, the Court generously provided that Plaintiff could seek leave to provide Dr. Smith's testimony in the event that expert testimony would have been useful to the Court's damages analysis. [Doc. 275 at 5] Of course, no damages analysis was needed – the jury found in Volvo's favor.

this litigation and will not rehashed in detail here. [*See* Doc. 275 at 1-4] It is wholly improper for Plaintiff to challenge this issue yet again in a Rule 59(e) motion. "A Rule 59(e) motion should not be used by the losing party 'as a vehicle to rehash arguments previously considered and rejected by the court.'" *Wilczynski v. Kemper Nat. Ins. Companies*, 1995 WL 437503 (N.D. Ill. 1995) (internal citation omitted).

Critically, Plaintiff *agreed* to the exact hybrid approach for allocating responsibility for those damages in the Parties' Joint Statement on Division of Responsibility between Judge and Jury on Damages Sought by Plaintiff prior to the first trial. [Doc. 141] Plaintiff's assertion that the Court "created" a manifest error in law by "withholding the jury's right to decide USERRA compensatory damages" is misleading and incomplete, at best. Ignoring Plaintiff's inconsistent position, Plaintiff's argument is also moot. Because the jury did not find for Arroyo on the issue of liability, the Court never reached the issue of damages. Accordingly, no clear error or manifest injustice under Rule 59(e) can be established.

## CONCLUSION

For the reasons discussed above, Volvo respectfully requests that the Court deny Plaintiff's Rule 59 Motion for New Trial or to Alter or Amend Judgment.

[Signature Page Follows]

Respectfully submitted this 29th day of March, 2022.

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

/s/ *Laura A. Balson*, #6291377
300 S. Wacker Dr., Suite 1050
Chicago, Illinois 60606
T: (773) 661-4708
lbalson@constangy.com

/s/ William J. McMahon IV, *pro hac vice*
100 N. Cherry Street, Suite 300
Winston-Salem, North Carolina 27101
T: (336) 721-1001
F: (336) 748-9112
bmcmahon@constangy.com

*Attorneys for Defendant Volvo Group North America, LLC, d/b/a Volvo Parts North America*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2022, I caused a copy of the foregoing to be served upon

Plaintiff via operation of the Court's electronic filing system to:

> John P. DeRose
> Caitlyn F. DeRose
> John P. DeRose & Associates
> 615 North York Road
> Hinsdale, Illinois 60521
> john@johnderoselaw.com
> caitlyn@johnderoselaw.com
>
> *Attorneys for Plaintiff*

*/s/ Laura A. Balson*