**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LUZMARIA ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-6859 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| VOLVO GROUP NORTH AMERICA | ) | |
| LLC, d/b/a VOLVO PARTS NORTH | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LuzMaria Arroyo sued Defendant Volvo Group North America, LLC, d/b/a Volvo

Parts North America ("Volvo") for discrimination under the Americans with Disabilities Act, 42

U.S.C. § 12101 *et seq.* ("ADA"), and the Uniformed Services Employment and Reemployment

Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA").[1]  [51.]  On August 23, 2016, a jury returned a

verdict in favor of Plaintiff on both claims, awarding $2.6 million in compensatory damages and

$5.2 million in punitive damages on Plaintiff's ADA claim and finding Defendant liable under the

USERRA.[2]  [162.]  After trial, Defendant moved the Court for judgment as a matter of law on both

claims and, alternatively, for a new trial.  [192.]  The Court granted Defendant's motion for

judgment as a matter of law on Plaintiff's ADA claim, holding that no reasonable juror could find

---

[1] Plaintiff also brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, as well as a claim under Illinois law for intentional infliction of emotional distress.  See [51.]  The Court entered summary judgment on these claims, [88], which the Seventh Circuit affirmed on appeal.  See [110.]

[2] The jury was asked to assess damages only with respect to Plaintiff's ADA claim.  After the jury returned a verdict in favor of Plaintiff on her USERRA claim, the Court awarded equitable relief in the amount of $550,830.32.  See [176.]  Pursuant to the statutory cap on damages imposed by 42 U.S.C. § 1981a(b)(3), however, the Court reduced Plaintiff's $2.6 million compensatory damages award on her ADA claim to $300,000 and vacated the jury's $5.2 million punitive damages award.  [*Id.*]

that Plaintiff was a qualified individual under the ADA at the time of her termination and that Plaintiff had not introduced any evidence to support an award of compensatory damages under the ADA in any event. [227, at 26–29.] Although the Court denied Defendant's motion for judgment as a matter of law on Plaintiff's USERRA claim, it granted Defendant's motion for a new trial. [*Id.* at 34.] The Court reasoned that the jury's $2.6 million compensatory award—a figure that it arrived at in spite of a complete lack of evidence on the issue of ADA compensatory damages— was a product of passion and prejudice that may have infected the verdict in its entirety. [*Id.*] A second trial was then held on Plaintiff's USERRA claim, which ended in a verdict in favor of Defendant. [342.] Before the Court is Plaintiff's Rule 59 motion to alter or amend that judgment, [345], and Plaintiff's motion to file an oversized reply brief in support of that motion. [349.] For the reasons that follow, the Court grants the latter [349] but denies the former [345].

## STATEMENT

This case has wended a long and tortuous path from the day it was filed on August 27, 2012, to the present. After the close of discovery in 2014, this Court granted Defendant's motion for summary judgment on all counts. [88.] Plaintiff appealed. The Seventh Circuit affirmed in part and reversed in part, remanding the case for trial on Plaintiff's USERRA and ADA claims. *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 288 (7th Cir. 2015). On remand, this Court held a jury trial on each of those claims and the jury returned a verdict in favor of Plaintiff on both. [162.]

Regrettably, there was a serious problem with that verdict—the jury awarded Plaintiff $2.6 million in compensatory damages on her ADA claim even though there was no evidence in the trial record that could support such an award. See [227, p. 32.] In fact, there was no evidence of

damages of any kind. Because there was nothing upon which the jury could rationally have based its compensatory damages award, the Court concluded that it was a product of passion and prejudice. Concerned that this passion and prejudice might have infected the verdict in its entirety, including the jury's underlying findings on liability, the Court granted Defendant's motion for a new trial. [227.]

Because the Court also granted Defendant's motion for judgment as a matter of law on Plaintiff's ADA claim, [*id.*], the second trial was limited to Plaintiff's USERRA claim. The second jury found in favor of Defendant. [342.] Plaintiff—understandably disappointed with this result— promptly filed a motion under Federal Rule of Civil Procedure 59(e) to set aside that verdict and reinstate the verdict returned by the first jury years before. [343, 345.]

Although the fifty pages of briefing Plaintiff files in support of her motion defy easy summary, her arguments fall into the following categories:

- Objections to myriad evidentiary and trial rulings the Court made in the course of conducting the second trial in this case, see [345, at 6–16] and [348, at 16– 18, 22–24];

- Objections to the Court's determination that it, rather than the jury, would determine damages on Plaintiff's USERRA claim in the event the second jury found Defendant liable, see [345, at 18] and [348, at 18–22];

- Objections to the Court's decision to enter judgment as a matter of law in favor of Defendant on Plaintiff's ADA claim, see [345, at 7, 16] and [348, at 13–16]; and

- Objections to the Court's decision to grant Defendant's motion for a new trial, including the Court's decision to do so without first offering Plaintiff the option of remittitur, see [345, at 20–23] and [348, at 10, 24–25].

Notably, although the lion's share of Plaintiff's arguments challenge the manner in which her second trial was conducted, Plaintiff does not request a new trial. While it is true that Plaintiff

styles her motion as one "for New Trial or To Alter or Amend Judgment," [345, at 1], nowhere does she actually ask the Court to order a new trial. Defendant emphasizes this fact in its opposition brief. See [346, at 1] ("Conspicuously, Plaintiff does **not** request a new trial" (emphasis original)); [*id.* at 4] ("[Plaintiff] could have moved for a new trial pursuant to Rule 59(a). She did not do so and therefore waived the issue."). Tellingly, Plaintiff does not contest this characterization of her motion in her 27-page reply brief, which merely reiterates her desire that the Court "set[] aside the jury verdict entered . . . on February 3, 2022," "reinstat[e] the jury verdict entered . . . on August 23, 2016," and "enter[] judgment on that earlier jury verdict." [348, at 26–27.]

In light of Plaintiff's failure to contest Defendant's claim that she is not seeking a new trial, the Court can only conclude that she has made a purposeful decision to eschew such relief. This finding is significant because any mistakes that this Court may have made in conducting Plaintiff's second trial would at most justify granting a motion for a new trial, not resurrecting the verdict that this Court vacated years ago on entirely unrelated grounds. See [227.] Errors that do not call into question the propriety of this Court's order granting Defendant's motion for a new trial, however plausible, simply cannot justify reinstating the verdict vacated by that undisturbed order.

Because of the fundamental discrepancy between the relief Plaintiff requests and the errors that she alleges justify that relief, most of Plaintiff's objections supply inadequate grounds for granting her motion. To take one example, Plaintiff objects to this Court's decision to enter judgment as a matter of law on her ADA claim after the completion of her first trial. See [345, at 7, 16.] Even assuming Plaintiff is correct that the Court erred in doing so, such a fact would not undermine the Court's independent decision to order a new trial on grounds of passion and prejudice. The two issues are logically distinct. Because the new trial order would remain in

4

effect, the appropriate remedy would be to hold a second trial on Plaintiff's ADA claim, not to reinstate the old verdict.

For this reason, the only argument that might warrant reinstatement of the original verdict in this case—which, again, is the sole relief Plaintiff seeks—would be a challenge to the propriety of the Court's new trial order itself. When a district court vacates an order granting a new trial after the completion of that trial, the effect is to reinstate the earlier verdict, thus restoring the state of affairs immediately preceding the entry of the new trial order. See, *e.g.*, *Gallimore v. Mo. Pac. R. Co.*, 635 F.2d 1165, 1171 (5th Cir. 1981) ("[A] court may vacate its order granting a new trial and reinstate the [earlier] verdict or judgment." (quoting another source)). Such relief is available under Rule 59. See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed. Apr. 2022) ("Rule 59(e) . . . include[s] motions for reconsideration.").[3]

Although Plaintiff's opening and reply briefs do not explicitly pursue this avenue of relief, each dedicates several pages to attacking this Court's order granting a new trial on September 30, 2019. [227.] Plaintiff asserts three primary objections to that decision, arguing that the Court erred (1) because the initial verdict "was not against the clear weight of the evidence," [345, at 20]; (2) because the $5.2 million punitive damages award "was within permissible ratios,"[4] [*Id.*]; and (3) and because the Court granted Defendant's motion "without first offering Arroyo the

---

[3] That district courts possess this power makes eminent sense. Precisely the same relief would follow from a successful appeal, so vacating a manifestly erroneous new trial order under Rule 59 promotes "the just, speedy, and inexpensive determination" of the case by forestalling an unnecessary appeal. Fed. R. Civ. P. 1; *Juneau Square Corp. v. First Wis. Nat. Bank of Milwaukee*, 624 F.2d 798, 806 (7th Cir. 1980) ("[A]fter a new trial and entry of final judgment an appellate court entertaining an appeal from the final judgment may review the new trial order and, where appropriate, reinstate the original verdict.").

[4] Here, Plaintiff presumably refers to constitutional limitations on the size of punitive damages awards relative to the compensatory damages awards that they supplement. See, *e.g.*, *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

opportunity to accept a remittitur." [*Id.* at 22.] The Court will liberally construe these objections as a request that the Court vacate its new trial order and reinstate the original verdict.

Such an argument is subject to the standards that apply to any other Rule 59 motion. "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)). "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff does not point to any newly discovered evidence. Therefore, she must demonstrate that the Court's order granting a new trial was manifestly erroneous either in its factual apprehension of the case or in its application of law to those facts.

Plaintiff fails to make such a showing. To reiterate, the Court granted Defendant's motion for a new trial because the jury awarded Plaintiff $2.6 million in compensatory damages on her ADA claim, notwithstanding Plaintiff's failure to present *any* evidence justifying such an award. Not only was the jury's damages verdict unsupported by evidence, it "dwarf[ed] the amount of compensatory damages awarded in cases in which the plaintiff actually presented evidence of compensatory damages." [227, at 32.] In light of these concerning facts, the Court "conclude[d] that the [damages] verdict was irrational . . . or, put another way, [a product of] passion and prejudice . . . ." [*Id.*]

The question became what to do about this defect in the jury's verdict. The Court considered the possibility of ordering a partial new trial solely on the issue of damages, but ultimately concluded that a new trial was necessary on the jury's underlying finding that Defendant violated the USERRA as well. In so holding, the Court drew on precedent of the Seventh Circuit

and other jurisdictions counseling that where an irrational damages verdict calls into question the rationality of the jury's underlying findings of liability, a new trial on both damages and liability is appropriate. [*Id.* at 33–34.]

Plaintiff has not convinced the Court that this decision was erroneous, let alone manifestly so. In particular, Plaintiff has failed to demonstrate that the Court erred in either its factual conclusion that the jury's damages verdict was unsupported by evidence or its ultimate legal conclusion that a new trial on both liability and damages was appropriate.

Plaintiff attempts to paper over her failure to introduce evidence of damages by adverting generally to evidence that she was mistreated by Defendant. See, *e.g.*, [345, at 20] ("Based on the cavalier way Volvo management and supervisors trifled with Arroyo's rights under USERRA and the ADA and mocked and treated her over the years as she went in service of our country, the large monetary verdict in *Arroyo I* should hardly shock the conscience."). But questions of liability and damages are distinct, and evidence supporting the former does not necessarily (and in this case did not) satisfy a Plaintiff's burden of proof on the latter. Because Plaintiff points to no evidence calling into question this Court's factual determination that no evidence in the record supported the first jury's compensatory damages award, her contention that that award "was not against the clear weight of the evidence" fails. [*Id.*]

Plaintiff's remaining, legal objections to the new trial order are similarly unavailing. Plaintiff attempts to defend the verdict, in part, by arguing that the 2:1 ratio between the punitive and compensatory damages awarded by the first jury "was within permissible ratios." [345, p. 20.] But the $5.2 million punitive damages award had nothing to do with the Court's decision to order a new trial. In fact, the Court had vacated that award long before it ordered a new trial, in accordance with the damages cap imposed by 42 U.S.C. § 1981a(b)(3). See [177.] And in its

memorandum opinion and order granting Defendant's motion for a new trial, the Court never intimated, let alone held, that the jury's punitive damages verdict had any bearing on the Court's independent determination that the compensatory damages verdict was unsupported by evidence and, therefore, irrational.

Finally, with respect to Plaintiff's argument that she should have first been offered the option of remittitur, the Court points, once more, to the myriad cases in this Circuit prohibiting courts from remitting an irrationally excessive verdict. See, *e.g.*, *Dresser Indus., Inc., Waukesha Engine Div. v. Gradall Co.*, 965 F.2d 1442, 1448 (7th Cir. 1993); *Dorin v. Equitable Life Assurance Soc'y*, 382 F.2d 73, 77 (7th Cir. 1967) ("If a verdict is the result of appeals to passion and prejudice, the trial court must unconditionally order a new trial and cannot give the plaintiff an option to accept a lesser amount."). Because the Court found that the jury's $2.6 million compensatory verdict was a product of passion and prejudice, it had no discretion to offer Plaintiff remittitur. Even if it did, the Court would not have done so in light of its further decision to enter judgment as a matter of law on Plaintiff's ADA claim.

For the reasons above, the Court is not convinced that it erred in granting Defendant's motion for a new trial, let alone that that order constitutes manifest error. Therefore, the Court will not vacate its new trial order. And because all of Plaintiff's remaining arguments would, even if meritorious, fail to justify the relief Plaintiff seeks—reinstatement of the initial jury verdict— Plaintiff's motion is denied.

Dated: December 27, 2022

Robert M. Dow, Jr.
United States District Judge